United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20915
Conference Calendar

_____

BILLY MARCUS LYON,

                              Plaintiff-Appellant,

versus

CHAIRMAN S. BUENTELLO; JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-4040
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Billy Marcus Lyon, Texas prisoner # 750528, appeals the
dismissal of his 42 U.S.C. § 1983 action as frivolous under 28
U.S.C. § 1915A.  Lyon contends that these defendants are liable
for monetary and injunctive relief because they refused to place
him in a safekeeping classification after he was attacked by
another prisoner.

     Lyon's complaint and his more definite statement in the
district court reveal that he is suing these defendants under a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

theory of vicarious liability, which is not a basis for 28 U.S.C. § 1983 liability.  See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).  Further, Lyon failed to allege specific facts indicating that either defendant knew Lyon was endangered or that they participated in any decision concerning Lyon's safekeeping classification.  See id. at 303-04; see also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (holding that a prison official acts with deliberate indifference to a prisoner's safety only if he actually "knows of and disregards an excessive risk to inmate health or safety").

The judgment of the district court is AFFIRMED.  Lyon is warned that the district court's dismissal of his action as frivolous counts as a strike under 28 U.S.C. § 1915(g).  If Lyon accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996); 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.